Elliot Gale (Bar #263326)
egale@gajplaw.com
Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-290-7778 fax

Attorneys for Plaintiff
Ryan Millis

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Ryan Millis<br><br>Plaintiff,<br><br>v.<br><br>Diversified Adjustment Service, Inc.<br><br>Defendant. | CASE NO. 2:21-cv-08373<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Violation of the Fair Debt Collection Practices Act<br>3. Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Ryan Millis (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which

1

prohibits abusive collection practices, and violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2. Plaintiff brings this action against Defendant Diversified Adjustment Service, Inc. (hereinafter "Defendant" or "Diversified") for its abusive and outrageous conduct in connection with debt collection activity.

3. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. The FDCPA was designed to prevent the abusive and deceptive collection practices by debt collectors. The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692.

6. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

7. The FDCPA regulates the behavior of "debt collects" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a).

8. The FCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantages, and to promote uniform State action to protect consumers against debt collection abuses." 15. U.S.C. § 1692(e).

9. The FDCPA, under 15 U.S.C. § 1692g(a) requires disclosure of certain information either in a debt collector's initial communication or within five days after the initial communication.

## JURISDICTION & VENUE

10. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. § 227, and 15 U.S.C. § 1692k(d).

11. This venue is proper pursuant to 28 U.S.C. §1391(b).

12. Plaintiff is a resident of the State of California and resides within the judicial district where this action is being brought.

13. Defendant Diversified is a Minnesota corporation engaged in debt collection activity throughout the United States, including the State of California.

## GENERAL ALLEGATIONS

14. Plaintiff is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g) and "consumer" as defined by 15 U.S.C. § 1692a(3).

15. At all relevant times herein, Diversified was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f) and "debt" as defined by 15 U.S.C. § 1692a(5).

16. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c) and as defined by 15 U.S.C. § 1692a(6).

17. Plaintiff believes that Diversified was collecting on an account that did not originate with Diversified but with another consumer credit account Plaintiff had previously incurred.

18. The loan at issue was extended primarily for personal, family or household purposes and is therefore a "debt" as that terms is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

19. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act and as defined by 15 U.S.C. § 1692a(5).

20. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

21. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves and other creditors, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

22. Plaintiff believes the account was an unsecured consumer loan that Plaintiff incurred prior to the account being sold or transferred to Diversified for collection.

23. Defendant, at some point, assumed control of the debt and began contacting Plaintiff in 2020 to attempt to collect on the collection account.

24. Plaintiff believes that Diversified is the collection agency for an account that he previously held with another creditor.

25. Plaintiff retained counsel to assist in dealing with the Diversified debt and collection efforts as well as to seek some type of financial relief.

26. Counsel for Plaintiff sent a letter of representation to Diversified, through certified mail with the Untied States Postal Service, on April 26, 2021, informing Diversified that Plaintiff was represented by counsel and to direct all further account questions/inquiries/correspondence to Plaintiff's counsel's office.

27. Diversified received the certified letter of representation on April 30, 2021.

28. Defendant continued to contact Plaintiff after the April 26, 2021 letter of representation was received.

29. Counsel for Plaintiff sent another letter on August 31, 2021 requesting that Diversified comply with state and federal collection laws and identify the original creditor.

30. No response was received to the August 31, 2021 letter.

31. Diversified continued to contact Plaintiff regarding the collection account.

32. Plaintiff was contacted often regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

33. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

34. Defendant's automatic dialing machine contains the capacity to randomly dial numbers.

35. Defendant would leave pre-recorded messages on Plaintiff's cellular telephone.

36. Most of the messages left by Defendant when Plaintiff did not answer the collection calls were pre-recorded.

37. Defendant's calls and demand letters were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney and that he revoked his consent to be contacted on his cellular telephone.

38. Plaintiff is unaware of the total number of calls that have been received from Defendants but believes the total number to be in excess of thirty (30) calls

**FIRST CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Diversified)

39. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

40. Plaintiff provided written notice that he was represented by sending Defendant a letter with the name, address, and contact information of his attorney and informed Defendant that he was represented.

41. Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

42. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

43. Plaintiff received calls and payment demands from Diversified after the April 26, 2021 certified letter of representation was received by Diversified.

44. The collection calls continued did not stop once Diversified learned that Plaintiff was represented by an attorney.

45. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

**Cal. Civ. Code § 3294**

46. Defendant also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to exemplary damages in an amount according to proof and a finder of fact at hearing.

47. Defendant had actual knowledge that it continued to violate both state and federal collection laws as it received certified notice regarding representation of Plaintiff by an attorney.

48. These calls were made with knowledge that Plaintiff was represented by counsel and could not be communicating directly with Plaintiff, let alone using an automated telephone dialing system.

49. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, these calls were an attempt to collect a debt in an illegal manner with a conscious disregard for Plaintiff's rights under the Rosenthal Fair Debt Collection Practices Act, the Fair Debt Collection Practices Act, and the Telephone Consumer Protection Act.

50. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, Defendants' illegal communications were done to intentionally subject Plaintiff to the unjust hardship of receiving at least thirty (30) telephone calls.

51. The sheer volume of calls was intentionally designed to exhaust Plaintiff into paying Defendants.

**SECOND CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Diversified)

52. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

53. Defendant placed over thirty (30) calls to Plaintiff.

54. Plaintiff was contacted multiple times per day by Defendant.

55. Defendant did not disclose to Plaintiff the nature of the debt nor the true identity of the original creditor.

56. Defendants violated Cal. Civ. Code §1788.11(b), (d), and (e) by calling Plaintiff at least thirty (30) times in a deliberate attempt to call and annoy Plaintiff. Defendant also failed to disclose the true nature of the call or the identity of the original creditor it was collecting on behalf of when asked by Plaintiff's counsel.

### THIRD CAUSE OF ACTION
(Violation of the FDCPA)
(15 USC § 1692c(a)(2))
(Against Diversified)

57. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

58. Defendant was informed on April 26, 2021 that Plaintiff was represented by an attorney with respect to Plaintiff's creditors.

59. Defendant continued to contact Plaintiff for several months after being informed that he had retained an attorney.

60. Plaintiff's attorney did not consent to Defendant continuing to contact Plaintiff.

61. Defendant contacted Plaintiff in connection with collecting on the debt despite knowing that Plaintiff was represented by Counsel and that counsel instructed Defendant specifically not to contact Plaintiff.

62. Defendant's conduct was in violation of 11 U.S.C. § 1692c(a)(2).

### FOURTH CAUSE OF ACTION

(Violation of the FDCPA)
(15 USC § 1692g(a))
(Against Diversified)

63. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

64. Diversified refused to provide Plaintiff with any information regarding the nature of the debt.

65. Diversified did not inform Plaintiff that it was calling Plaintiff on behalf of another creditor in an attempt to collect on that debt.

66. Diversified did not inform Plaintiff of the amount of the debt.

67. Defendant's conduct was in violation of 11 U.S.C. § 1692g(a).

## FIFTH CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against Diversified)

68. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

69. Since at least about April of 2021 Defendant has been calling Plaintiff's cellular telephone requesting that payment be made on an account apparently being serviced by Diversified.

70. Defendant was aware that Plaintiff revoked consent to be contacted by an ATDS in April of 2021.

71. Defendant frequently called Plaintiff after Plaintiff withdrew his consent to be contacted by an automatic dialing machine.

72. Defendant would contact Plaintiff daily regarding payment on the account.

73. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

74. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

75. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

76. Plaintiff expressly revoked any consent that may have previously been given to Defendants to be contacted by an automatic dialing machine in April of 2021.

77. Plaintiff believes that over thirty (30) calls were placed by Defendants using an ATDS.

78. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32;

b. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32;

c. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c);

d. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation;

e. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

f.  An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

g.  An award of exemplary damages pursuant to Cal. Civ. Code § 3294; and

h.  An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k).

**Gale, Angelo, Johnson, & Pruett, P.C.**

Dated:   October 22, 2021          By:   /s/ Joe Angelo
                                         Joe Angelo
                                         Elliot Gale
                                         Attorneys for Plaintiff